UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                        MEMORANDUM & ORDER

     v.                                                 03-CR-929 (NGG)

PATRICK DEFILIPPO,

              Defendant.
------------------------------------------------------X

GARAUFIS, United States District Judge.

        Defendant Patrick DeFilippo ("DeFilippo") requested permission on October 18, 2005 to continue joint meetings with defendant John Spirito ("Spirito") in preparation for DeFilippo's upcoming trial. The Government opposes this request. For the reasons set forth below, DeFilippo's request is DENIED.

        Although DeFilippo and Spirito have been under a separation order, they were permitted to meet for joint co-defendant meetings with counsel until recently. (Def. Ltr. of Oct. 19, 2005.) On September 27, 2005, Spirito pled guilty before this court to racketeering conspiracy. (Tr. of Plea, Sept. 27, 2005.) DeFilippo is scheduled to go to trial in this case on January 17, 2005. Since Spirito's plea, DeFilippo's requests for joint meetings to prepare for trial have been denied. (Def. Ltr. of Oct. 19, 2005.)

        DeFilippo argues that his need to meet with Spirito is unchanged as a result of Spirito's plea and that he is denied his constitutional right to prepare a defense and to effective assistance of counsel when he is prevented from meeting with Spirito. (Id.) DeFilippo's counsel argues that the need to play "telephone" between the two defendants requires an unnecessary use of

1

time. (Def. Ltr. of Nov. 8, 2005). Specifically defense counsel submits that:

> [T]here exist literally thousands of documents and tape recordings that Mr. DeFilippo must review before trial. Critically, Mr. Spiritto [sic] is possessed of substantial information to which Mr. DeFilippo is not privy and which they need to jointly discuss, with counsel. Tapes, surveillance photos and documents often contain references that make sense to Mr. Spiritto [sic] but not to Mr. DeFilippo and Spiritto [sic] often recalls facts material to the defense that Mr. DeFilippo does not. Together they can piece together information that individually alludes them both. (Def. Ltr. of Oct. 19, 2005.)

In essence, the court reads DeFilippo's request as asserting that the refusal to allow DeFilippo joint meetings with Spirito impacts DeFilippo's right to counsel by requiring his counsel to spend additional time preparing for the trial and, further, that by denying access to Spirito, the Government is preventing DeFilippo from accessing a resource akin to an expert or translator necessary for document review.

The Government argues that DeFilippo and Spirito are no longer co-defendants and therefore DeFilippo enjoys no right to meet Spirito under the Sixth Amendment or applicable case law. (Govt. Ltr. of Nov. 4, 2005.) The Government furthermore has security concerns in allowing admitted and alleged mafia members to meet, for fear that they may use the time to plan future criminal activity. The Government points to DeFilippo's prior guilty plea to criminal possession of a weapon in the third degree and his current indictment, which includes the attempted murder of David Nunez and the murder of Gerlando Sciascia, as support for that concern. (Id.)

Neither party has provided precedent on this specific issue and, thus, the court assumes that it is not a question that has been directly addressed by the Second Circuit or other courts. Nonetheless, my ruling in this case is based specifically on the facts before me and is not

intended to act as precedent for other cases. The court finds that DeFilippo has not demonstrated any legal right to meet jointly with a former co-defendant nor has he shown how denial of these meetings has impacted his Sixth Amendment right to counsel. Furthermore, the court shares the Government's concerns about security in this specific case.

This court has previously found that it is the "usual practice in this District" to permit co-defendant meetings, even when "defendants are charged with committing extreme acts of violence on behalf of a criminal enterprise." (United States v. Basciano, No. 05 Cr. 60, slip op. at 1-2 (E.D.N.Y. May 9, 2005).) The purpose of these meetings is to prepare a coordinated defense for a joint trial. In my May 9, 2005 Order, I cited to both the "longstanding practice" of the District as well as learned counsels' representations that joint defense meetings are a "critical part" of their preparations. (Id. at 2.)

On the facts before me today, the reasoning of my May 9th Order is not applicable. There exists no longstanding practice in the Eastern District of New York of allowing defendants to meet with former co-defendants, witnesses, experts, or anyone else who is not a current co-defendant to help prepare a defense. And although DeFilippo's counsel asserts that these meetings were and are "essential to his defense," (Def. Ltr. of Nov. 8, 2005) it is not clear to this court how meetings with Spirito are different from meetings with a potential witness or expert.

DeFilippo's defense attorney must, of course, diligently prepare a defense. In doing so, he may likely seek to interview Spirito with the consent of Spirito and his attorney. I see no reason why DeFilippo's absence from those meetings would jeopardize his right to counsel. Although speaking with Spirito and DeFilippo separately will admittedly be more time consuming than speaking with them together, I do not find that it causes any undue burden to the

3

Defendant or his counsel. Furthermore, I am not advised or aware of any relevant precedent that would elevate this inconvenience to a deprivation of constitutional dimensions.

Specific to the facts before me, I also find that the Government has legitimate security concerns in keeping Spirito and DeFilippo separate. In September 2005, Spirito pled guilty in this court to conspiring and taking part in the murder of Gerlando Sciascia. (Tr. of Plea, Sept. 27, 2005.) He also has eight criminal convictions between 1975 and 1987, including attempted murder and assault in the first degree. (Govt. Ltr. of Nov.4, 2005.) The Government is well justified in objecting to Spirito's participation in meetings with others alleged to be involved in the same violent criminal allegations.

For all of the reasons stated above, defendant DeFilippo's request for an order granting him joint defense meetings with Spirito is denied.

SO ORDERED.

_____/s/_____
Dated: December 1, 2005          Nicholas G. Garaufis
Brooklyn, N.Y.                   United States District Judge