UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------X
UNITED STATES OF AMERICA

    - against -                                                MEMORANDUM & ORDER
                                                           03-CR-929 (S-5) (NGG)
VINCENT BASCIANO and
PATRICK DEFILIPPO,

                      Defendants.
----------------------------------------------X

GARAUFIS, United States District Judge.

      I previously issued an opinion in response to the Government's motion to admit uncharged acts of misconduct by the defendants. (Memorandum & Order of Feb. 17, 2006 ("M&O").) Subsequent to that opinion, the United States ("Government") and the defendants Vincent Basciano ("Basciano") and Patrick DeFilippo ("DeFilippo") (collectively "Defendants") asked for reconsideration of certain rulings from the M&O. In this decision, I will examine the Defendants' request to exclude evidence of the conspiracy to kill Basciano and of the conspiracy to kill DeFilippo, the Government's request to permit the introduction of evidence of the murder of John Doe (Queens Social Club) against Basciano, and the Government's motion to introduce evidence of Basciano's participation in the conspiracy to kill Salvatore Vitale. This ruling assumes familiarity with previous rulings in this case.

      Basciano's and DeFilippo's requests are denied. The Government's request as to the murder of John Doe is granted. The Government's motion as to the conspiracy to kill Salvatore Vitale is granted.

1

ANALYSIS

I.      The Conspiracy to Kill Basciano; The Conspiracy to Kill DeFilippo

In response to the Government's original Motion in limine to admit evidence under Rule 404(b), DeFilippo submitted a letter arguing:

> Whether or not evidence is admissible under Rule 404(b) or as evidence of the conspiracy is a question that must await trial. We are certainly not obliged, even before opening statements, to consent to the admission of this evidence and we will be prepared to object, at the appropriate time, should we believe this or any other proffered evidence is inadmissible.

(DeFilippo Ltr. of Jan. 31, 2006, at 1.) My prior decision granted the Government's motion to introduce evidence that Basciano and DeFilippo each conspired to kill the other for the purpose of completing the story, establishing relationships of trust, and/or corroborating testimony of cooperating witnesses. (Rule 404(b) M&O, at 18-19.) I found that the probative value was not substantially outweighed by unfair prejudice. (Id. at 18.)

On February 23, 2006, DeFilippo submitted a letter objecting to "the government's proposed evidence that Mr. DeFilippo conspired to kill Mr. Basciano." (DeFilippo Ltr. of Feb. 23, 2006, at 1.) DeFilippo argues that:

> [t]he proposed evidence 'completes' none of the 'stor[ies]' told in the indictment; it establishes no relationship of trust that Mr. DeFilippo has yet disputed; and it does not corroborate the expected testimony of any cooperating witness but rather simply *is* the proposed testimony of a cooperating witness. On the other hand, where Mr. DeFilippo is charged with one and only one murder, the addition of another murder conspiracy will serve no other purpose than to paint Mr. DeFilippo has a murderer, i.e. it will be used by the jury, improperly as evidence of propensity."

(Id. at 1-2.) DeFilippo's letter, however, does not present any new arguments or evidence that was not previously considered by the court in the Rule 404(b) M&O, namely: an analysis of the

probative value of the potential evidence and its danger of unfair prejudice. I have granted the Government's motion to use certain evidence under Rule 404(b) for limited purposes. I find that this evidence falls within those purposes, by allowing the Government to show DeFilippo's awareness of, and involvement in, the use of violence to solve problems within high levels of the organized crime family, as well as to potentially establish relationships of trust or corroborate testimony of witnesses. See United States v. Williams, 205 F.3d 23 (2d Cir. 2000); United States v. Everett, 825 F.2d 658, 660 (2d Cir. 1987) (other crimes evidence "has been consistently held admissible" to corroborate testimony of cooperating witnesses who testify of their own involvement in these crimes). In the trial thus far, the court has already heard direct testimony from Salvatore Vitale of DeFilippo's central role in the 1999 Gerlando Sciascia murder. Evidence of DeFilippo's role in one other conspiracy to murder is therefore not substantially prejudicial in the face of the charges and the evidence he is facing. See, e.g., United States v. Mejia-Velez, 855 F. Supp. 607, 611 (E.D.N.Y. 1994).

The same analysis applies to Basciano's oral application to the court to reconsider its ruling as to Basciano's participation in a conspiracy to kill DeFilippo. As I find that the probative value of these uncharged acts is not substantially outweighed by the danger of unfair prejudice, my prior ruling stands. The Government may introduce evidence of the conspiracy to kill Basciano and the conspiracy to kill DeFilippo.

II.   Conspiracy to Kill Salvatore Vitale

The Government moves to admit evidence of Basciano's participation in the conspiracy to kill Salvatore Vitale. (Gov't Ltr. of Feb. 28, 2006 at 5-6.) The Government moves to have this evidence admitted to complete the story, establish relationships of trust, and corroborate

testimony of cooperating witnesses. The Government also moves to introduce this evidence under the theory that Basciano has opened the door to this evidence by raising the issue that Joseph Massino plotted to kill Salvatore Vitale. (Id.)

Under the reasoning of my February 17, 2006 decision, I find that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. (See M&O, at 18-19.) Basciano's participation in the conspiracy to kill Salvatore Vitale may be introduced for the limited purpose of completing the story, establishing relationships or test, and/or corroborating the testimony of cooperating witnesses.

III. The Murder of John Doe in a Queens Social Club

I originally ruled on February 17, 2006 that the Government is precluded from introducing evidence of Basciano's participation in the murder of John Doe in a Queen's Social Club because I deemed the evidence to be too prejudicial given that it lacked specificity as to the victim and the time period of the act alleged. (M&O, at 15.)

The Government has asked the court to reconsider this question because Basciano has contested identity and has opened the door. (Gov't Ltr. of Mar. 6, 2006.) Basciano's counsel offered his response on the record in court the same day.[1] For the reasons elucidated in my ruling of February 23, 2006, I do not find that the murder of John Doe in a Queens Social Club is evidence of a "signature crime" with distinctive features sufficient to allow for its introduction as evidence of identity.

I do, however, find that Basciano has opened the door sufficiently to allow for the introduction of this evidence. Counsel for Basciano has argued to the jury in his opening

---

[1] At the time of this writing, the trial transcript for March 6, 2006 had not been released.

statement and through cross-examination that members of the Bonanno organized crime family are not permitted to commit murder without permission from the Boss and that a potential repercussion for breaking this rule was death. (Gov't Ltr. of Mar. 6, 2006.) Basciano has also suggested that he followed certain orders, such as attendance at Casablanca, out of fear of consequences for not doing so from Joseph Massino. (Id.) The inference that presumably Basciano seeks to raise in the jurors' minds is that these conditions would make it improbable, if not impossible, for Basciano to have committed the 1999 Santoro homicide as argued by the Government. (Id.)

Given that the defense has raised a question as to whether Basciano could – or would – commit an unapproved murder, as well as whether Basciano was too scared to disobey Bonanno family rules, the probative value of this evidence has increased. I find that the danger of unfair prejudice does not substantially outweigh the probative value of this evidence for the purpose of contesting Basciano's incapacity or unwillingness to break the rule requiring prior approval for murders due to fear of reprisals from Joseph Massino.

I take this opportunity to again remind the Government that, while I have granted its motion to introduce certain uncharged acts of murder by Basciano, there is a point at which evidence of uncharged violent acts will become cumulative under Federal Rule of Evidence 403. I do not find that the introduction of two or three murders would create such a danger of unfair prejudice as to outweigh the probative value of that evidence, as outlined in my February 6, 2006 M&O and this ruling. Nonetheless, I remind the Government to act prudentially and proportionately in order to avoid the introduction of cumulative evidence that would prejudice Basciano.

CONCLUSION

For the reasons explained above, DeFilippo's request to preclude evidence of his participation in the conspiracy to murder Basciano is DENIED; Basciano's request to preclude evidence of his participation in the conspiracy to murder DeFilippo is DENIED; the Government's motion to admit evidence of Basciano's participation in the conspiracy to kill Salvatore Vitale is GRANTED; the Government's request to admit evidence the murder of John Doe (Queens Social Club) is GRANTED.


SO ORDERED.

Dated: March 6, 2006  
Brooklyn, N.Y.

\_\_\_/s/_____  
Nicholas G. Garaufis  
United States District Judge