UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------X
UNITED STATES OF AMERICA

   - against -                                      MEMORANDUM & ORDER
                                                         03-CR-929 (S-5) (NGG)

VINCENT BASCIANO and
PATRICK DEFILIPPO,

                 Defendants.
----------------------------------------------X

GARAUFIS, United States District Judge.

      In a Memorandum and Order ("M&O") dated March 6, 2006 in the above captioned matter, I considered and ruled on the admissibility of evidence of defendant Basciano's participation in the murder of a John Doe in a Queen's Social Club. This was not the first time I had ruled on the admissibility of this evidence. Previously, in an M&O dated February 17, 2006, I held this evidence to be inadmissible, finding its probative value limited because of its lack of specificity and its prejudicial effect to therefore substantially outweigh. Subsequent to that decision, the Government sought reconsideration on the grounds that Basciano had opened the door on the issue of his willingness or capacity to commit unapproved murder and/or that this evidence should be admitted as evidence of a signature crime for the purpose of showing identity. In my March 6, 2006 M&O, I held that evidence of the murder of John Doe in the Queens Social Club lacked distinctive features such that it would be admissible on the issue of identity.

      In that same M&O, however, I found that in his opening statement and cross-examination of witnesses, Basciano had raised the issue of whether members of the Bonanno organized crime family are permitted to commit murder without the permission of the family's boss. Basciano argued that this was not permitted within the family, raising as a defense to the 1999 Santoro

murder charged in the indictment that he could not have committed the murder because he would not have been permitted to do so and would have been killed had he done so. In light of the fact that Basciano raised this defense, I held that evidence of the John Doe murder would be admissible because it is highly probative of the a fact asserted by Basciano, i.e. that a unapproved murder would never occur. I specifically stated: "I find that the danger of unfair prejudice does not substantially outweigh the probative value of this evidence for the purpose of contesting Bascniano's *incapacity or unwillingness* to break the rule requiring prior approval for murders due to fear of reprisals from Joe Massino." (March 6, 2006 M&O at 5) (emphasis added)). After the evidence was admitted at trial on March 6, 2006, I gave the jury a 404(b) limiting instruction directing them not to consider the evidence for propensity purposes but only for the proper purpose of challenging Basciano's ability to have committed an unapproved murder.

The Government now objects to the limiting instruction, arguing that this evidence should be substantive evidence concerning the criminal enterprise, and not 404(b) evidence, because Basciano opened the door on the issue of whether he intentionally participated in the enterprise.

For the reasons that follow, I adhere to my ruling: this is 404(b) evidence because it is not offered for a propensity purpose, nor is it substantive evidence on the first four elements of the RICO conspiracy charge, such that it would raise the need for enterprise evidence.

The Second Circuit utilizes an "inclusive" approach to Fed. R. Crim. P. 404(b). United States v. Stevens, 83 F.3d 60, 68 (2d Cir. 1998). Evidence of other acts may be admitted for "*any* purpose except to show criminal propensity" unless the 403 balancing test mandates preclusion. United States v. Germosen, 139 F.3d 120, 127 (2d Cir. 1998) (emphasis added). A "*non-exhaustive* list of purposes for which other act or crime evidence may be admitted include[s] proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence

of mistake or accident." United States v. Levy, 731 F.2d 997, 1002 (2d Cir. 1984) (emphasis added). Under Second Circuit precedent, a four components determine the admissibility of other acts evidence under 404(b): (1) was evidence offered for a proper purpose; (2) was it relevant to a disputed trial issue; (3) was 403 balance satisfied; and (4) was an appropriate limiting instruction given if requested. See United States v. Edwards, 342 F.3d 168, 176 (2d Cir. 2003).

I find all these elements satisfied in the present matter. The John Doe evidence was offered for the proper non-propensity purpose of showing that Basciano was capable of committing a murder without the permission of his boss; this fact became disputed when Basciano raised the issue; the evidence was probative on the issue and not substantially outweighed by unfair prejudice; and an appropriate 404(b) limiting instruction was administered.

Basciano did not open the door on his purposeful participation in the Bonanno enterprise, and this evidence is not admissible as substantive evidence on that element, which has been stipulated to by both Defendants. I adhere to my previous 404(b) ruling. The Government's request for reconsideration is denied.


SO ORDERED.

Dated: March 8, 2006  
Brooklyn, N.Y.

_____/s/_____  
Nicholas G. Garaufis  
United States District Judge