UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                          MEMORANDUM & ORDER

      v.                                            03-CR-929 (NGG)

VINCENT BASCIANO, and
PATRICK DEFILIPPO,

             Defendants.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

      On March 20, 2006, the United States ("Government") sent a letter to defendants Vincent Basciano ("Basciano") and Patrick DeFilippo ("DeFilippo") informing them that Joseph Filippone ("Filippone" or "Joe Monk") "may have information that is helpful to the defense." (Gov't Ltr. dated Mar. 20, 2006.) After conducting his own investigation, Basciano learned that Filippone had testified at a grand jury proceeding on December 29, 2005, at which one of the prosecutors in this matter was present. (Trial Transcript of 3/27/06 ("Trial Tr."), at 6018-19.) Basciano's attorney requested Filippone's grand jury testimony in court on March 27, 2006. (Id. at 6020-21.) The Government submitted the testimony for in camera review later that day and subsequently turned the testimony over to the defense on March 28, 2006. (Gov't Ltr., dated Mar. 28, 2006.)

      This Memorandum & Order (M&O) does not address whether the Government was obligated to turn over the full testimony as that issue is moot. Instead, this M&O addresses the untimeliness of the Government's disclosure of Filippone's potentially exculpatory testimony and whether such untimeliness violated Basciano's due process rights under Brady v. United

States, 373 U.S. 83, 87 (1963) ("Brady"). I find that although the Government's untimeliness has not led to a violation of Basciano's due process rights, the Government explicitly violated the directions of this court by delaying disclosure of this Brady material by almost three months.

On January 3, 2006, the court issued a lengthy M&O dealing with a number of discovery and pre-trial issues, including the Government's Brady obligations. At the time, I denied the Defendants' motion to order production of Brady materials, based on the Government's representations that it was aware of its obligations and was fulfilling them. I wrote:

> With less than a month until trial the Government should share any remaining Brady information of which it is aware. The time is rapidly drawing short for the defense to prepare its case using such material. The court assumes that the Government is disclosing information in compliance with its obligations under Brady and its representations to the court, and does not believe an order is necessary for further compliance. Nonetheless, I use this opportunity to remind the Government that any failure to meet its obligations will have serious consequences.

(M&O of Jan. 3, 2006, at 16.) Given this clear language, the Government was acutely aware of its duty to disclose all potentially exculpatory evidence. Its failure to do so in a timely fashion contravenes my directions and violates the spirit of Brady and its progeny.

Basciano's Due Process Rights

"There are three components of a true Brady violation: [1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281-82 (1999); see also, e.g., Banks v. Dretke, 540 U.S. 668, 691 (2004); United States v. Rivas, 377 F.3d 195, 199 (2d Cir. 2004).

For the first prong, Basciano points to two subjects raised in the grand jury testimony that may be important for his case. First, Filippone denies he carried a message to Basciano warning that Santoro was threatening to kidnap Basciano's son. (Trial Tr., at 6018.) According to the Government's theory, Filippone (a.k.a. Joe Monk) gave Basciano the message that Santoro was going to kidnap Basciano's son and Basciano reacted by killing Santoro. (Id. at 1997; see also testimony of Dominick Cicale, id., at 5487-89, 5672.) I find that this is exculpatory information under Brady. Second, Basciano argues that there is important impeachment material contained in the grand jury testimony for the witness currently on the stand, Dominick Cicale. (Trial Tr. at 6018-19.) However, I do not find it inconsistent that Cicale testified to not knowing of a relationship between his father and Santoro (Id. at 5969, 5971-72), and the newly disclosed evidence that there may have been one. (Transcript of Grand Jury Testimony of Joseph Filippone, dated Dec. 29, 2005, at 11-15.) I therefore do not find this second area of information to constitute Brady material.

I conclude that the information about Filippone's denial regarding the message is favorable to the defense and is therefore Brady material. The information about Cicale's father's relationship to the murder victim, however, is not.

The second prong of a Brady violation requires suppression by the Government. Winston Chan, one of the Assistant United States Attorneys prosecuting this case, represented the Government at the grand jury when Joseph Filippone testified. I therefore find that the Government had actual possession of this material since December 29, 2005. The Government's 12 to 13 week delay (until the fourth week of trial) in disclosing this information to the defense clearly demonstrates the Government's suppression of the evidence.

3

The third prong looks at whether the Government's delay in producing material pursuant to its Brady obligations prejudiced Basciano in violation of his due process rights. This question depends on whether the information was discovered in enough time for its effective use at trial. United States v. Coppa, 267 F.3d 132, 142 (2d Cir. 2001); Leka v. Portuondo, 257 F.3d 89, 100 (2d Cir. 2001).

In this case, the defense was able to track down and interview Joseph Filippone within one week of receiving the Government's letter, gaining an understanding of the substance of Filippone's testimony. Given that the Government's evidence was sealed grand jury testimony, and given that Filippone is currently in prison and could only be seen with the consent of an attorney, this outcome was not necessarily foreseeable. Furthermore, it likely would not have happened as quickly if Basciano did not have a paid investigator working with his legal team. Although it was only by virtue of Basciano's diligent investigation that he was able to quickly discover the relevant information, his due process rights have not been violated.[1]

The trial was in recess both on Tuesday, March 28th and Wednesday, March 29th, and Basciano's attorney is expected to complete his cross-examination of Dominick Cicale on Thursday, March 30th. The defense will have had two full business days without trial with which to follow up on this new information, should it be considered important for their cross-examination. Any prejudice that may have resulted from the late notification was ameliorated by this adjournment. See, e.g., U.S. v. Middlemiss, 217 F.3d 112, 123 (2d Cir. 2000).

As there has been no prejudice to Basciano, a Brady violation has not occurred.

---

[1] The court notes that it is not aware of any mention of Filippone by any witness prior to Dominick Cicale.

The Government's Brady Obligations

As noted above, the Government had possession of this material since December 29, 2005. Furthermore, the Government was instructed by this court on January 3, 2006 to turn over any remaining Brady material, and to continue to turn over material as such material was discovered.

Inexplicably, the Government waited 12 weeks to even inform the defendants that Joseph Filippone may have information of assistance to their case. When asked for the grand jury testimony, AUSA Greg Andres went so far as to argue "[w]e complied with our Brady obligations. I'm getting tired of the accusations from defense counsel how the government did something inappropriate." (Trial Tr. at 5021.) I find it deeply discomforting that the Government sees this 12-week delay as compliant and appropriate behavior. I note also that the Government has filed two additional Brady disclosure letters since March 20, 2006, in the fourth week of this trial and after two dozen Government witnesses have testified.

The Government has offered no explanation or excuse for the delay in turning over the Filippone information. It is unclear whether the two other Brady disclosures in the last 10 days were newly discovered material or were also delayed. Although the Government has been working on this case since 2003, it is still possible that some of the material is new. Overall, however, the Government's actions respecting its Brady obligations border on a wilful disregard for the constitutional rights of the defendants and the unambiguous instructions of this court.

Because the Government has failed to consistently disclose its Brady material under an appropriate time line, I order:

1. The Government must turn over all <u>Brady</u> material in its possession no later than Friday, March 31, 2006. Any impeachment materials that it wishes to withhold for security reasons must be submitted <u>ex parte</u> to the court by April 3, 2006 at 10:00 a.m.

2. All <u>Brady</u> disclosures subsequent to the issuance of this order must include substantive information about the nature of the exculpatory information held by the Government. See <u>Leka v. Portuondo</u>, 257 F.3d 89, 101 (2d Cir. 2001) ("a disclosure made on the eve of trial (or after trial has begun) may be insufficient unless it is fuller and more thorough than may have been required if the disclosure had been made at an earlier stage."). If the Government fails to do so, the defendants may be granted adjournments to conduct investigations if necessary.

3. The Government must *immediately* turn over any and all <u>Brady</u> material that it learns of after March 31, 2006.

The Government has been warned once before of the consequences for failing to follow its <u>Brady</u> obligations. Because the constitutional rights of the defendants have been preserved in this instance, I choose not to order sanctions at this time. However, the Government is hereby warned that the law assesses multiple <u>Brady</u> violations cumulatively, not individually. <u>Kyles v. Whitley</u>, 514 U.S. 419, 436 (1995). Any failure to follow the above order may lead to a finding of contempt of court and other sanctions designed to bring about compliance.

**<u>Conclusion</u>**

Basciano was not prejudiced by the Government's delay in producing <u>Brady</u> material and therefore there has not been a <u>Brady</u> violation. The Government is ordered to turn over all <u>Brady</u> material in its possession no later than Friday, March 31, 2006. Any impeachment materials that it wishes to withhold for security reasons must be submitted <u>ex parte</u> to the court by April 3,

2006 at 10:00 a.m. Henceforth, all Brady disclosures must include substantive information about the nature of the exculpatory information held by the Government. The Government must *immediately* turn over any and all Brady material that it learns of after March 31, 2006.

SO ORDERED.

Dated: March 30, 2006  
Brooklyn, N.Y.

\_\_/s/_____  
Nicholas G. Garaufis  
United States District Judge