UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                                            MEMORANDUM & ORDER

     v.                                          03-CR-929 (NGG)

VINCENT BASCIANO, and
PATRICK DEFILIPPO,

           Defendants.
-----------------------------------------------------------X
GARAUFIS, United States District Judge.

The court issues this Memorandum and Order ("M&O") in order to resolve a number of issues recently raised by the United States ("Government") and defendants Vincent Basciano ("Basciano") and Patrick DeFilippo ("DeFilippo"). Familiarity with the facts of this case and all prior rulings is assumed.

## I.     Unavailability under Crawford

As previously ruled by the court, the Government has the burden to show both prongs of unavailability in order to establish that Basciano forfeited his Confrontation Clause rights. (M&O dated Apr. 16, 2006.) Today, the Government argued to the court that David Nunez is unavailable because his unavailability "follows from" the tampering or, alternatively, that unavailability is established by the fact that Nunez has given contradictory testimony in the past and the Government believes he would perjure himself if called now. (Trial Transcript of Apr. 7, 2006.) I am not aware of, nor has the Government cited, any legal precedent to support either of these theories. Therefore the Government has not met its burden to show forfeiture. Basciano's motion to exclude Officer Garley's testimony on Nunez's lineup identification of Basciano is

granted.

## II.　Detention Memo

DeFilippo seeks to offer into evidence certain limited portions of the detention memorandum ("memo") filed by the Government against DeFilippo at the beginning of the case in order to allow the jury to make an inference about the source of Basciano's statements on the Tartaglione consensual recordings. (DeFilippo Ltr. dated April 12, 2006 ("DeFilippo Det. Mem. Ltr."); DeFilippo Ltr. dated April 16, 2006 ("DeFilippo Det. Mem. Reply").) The Government opposes this application. (Gov't Ltr. dated April 16, 2006 ("Gov't Det. Mem. Resp.").)

Both parties cite primarily to the case United States v. Ansaldi, 372 F.3d 118 (2d Cir. 2004) and Federal Rule of Evidence ("Rule") 104(b). They agree that Ansaldi interprets Rule 104(b) to "allow[] for the admission of evidence, even if its relevance is conditioned on a particular fact, so long as there is evidence upon which the jury could find the condition fulfilled." Ansaldi, 372 F.3d at 122. The disagreement appears to rest on whether there is sufficient evidence in the record "upon which the jury could find the condition fulfilled." Id. The Government's argument that there is more evidence showing another inference goes to weight, not to whether there is sufficient evidence in the record to support the introduction of the detention memo.

In Ansaldi, where an "FDA Talk Paper" was admitted to show proof of defendant's state of mind, there was circumstantial evidence that the defendant may have read the talk paper. Id. In this trial, there has been evidence that Basciano had access to certain discovery materials in this trial. Although this is a close call, I find that there is sufficient evidence that the jury *could* find the condition fulfilled. The Government's arguments as to the weight of DeFilippo's theory

2

can be brought to the jury's attention on cross-examination and summation. I hereby grant DeFilippo's request to introduce a limited portion of the detention memo for the non-hearsay purpose of establishing Basciano's state of mind. DeFilippo's motion to strike a section of Tartaglione's testimony is denied.

### III. Issues Relating to Joseph Massino

The parties have raised a number of issues relating to Joseph Massino ("Massino"). I address these in turn.

#### A. Other Evidence of Massino's Unavailability

Defendants seek to introduce into evidence proffered evidence that Mr. Massino has declined to speak with defense counsel. (Gov't Ltr. dated Apr. 16, 2006 ("Gov't Massino Ltr.").) It is still unclear to the court how exactly the defense seeks to introduce evidence or what form such evidence would take. The court thus reserves judgment on DeFilippo's request for reconsideration until such time as DeFilippo seeks to admit the evidence.

#### B. Rebuttal Witness

The Government has requested a decision on whether admission of Massino's cooperation agreement would "open the door" to Massino testifying to the substance of his cooperation agreement as a rebuttal witness. (Gov't Ltr. dated Apr. 16, 2006 ("Gov't Massino Ltr.").) Previously, the court has granted Defendants' application to offer Massino's cooperation agreement into evidence and denied the Government's and Defendants' requests for a jury charge as to Massino's availability. DeFilippo's counsel argues in response that the Government has notice and could call Massino on its direct case, so it is unnecessary for it to be allowed to call Massino on its rebuttal case. (Trial Transcript of Apr. 17, 2006.)

The Defense seeks to introduce Massino's cooperation agreement in order to form the basis for an argument that the Government could have called Massino and therefore that the jury may infer that Massino's testimony would hurt the Government's case. (DeFilippo Ltr. dated Apr. 16, 2006 ("DeFilippo Massino Ltr").) The Government, thus, seeks to introduce the substance of Massino's cooperation as a rebuttal to that possible inference.

Much of this appears to be 24th hour gamesmanship on the part of both sides. This is already the eighth week of trial and, even without calling Joseph Massino as a rebuttal witness, the jury will not begin deliberate until at least the ninth week. It seems unlikely that Massino's testimony is the most efficient manner in which to handle this issue. Although Basciano and the Government have each announced that they may potentially call Massino, the court notes that both parties have obliquely expressed their preference for Massino *not* testifying. (See, e.g., Trial Transcript at 2010 ("the government made a pact with the devil in this case and the devil is Joseph Massino"); id. at 2084 (Massino "is a person who is utterly devoid of the slightest redeeming value"; id. at 2218 ("[a]t this point we are not planning on calling him").)

Nonetheless, the Government has the right to rebut any inferences the jury might draw from the Defendants' cases. Therefore, if Massino's cooperation agreement is admitted, the Government will be allowed to call Massino on its rebuttal case. If so, I remind the Government of the purpose for offering Massino's testimony: to rebut any inference that Massino's testimony would hurt the Government. As such, the testimony would be limited to only charged acts in this case. The marginal value of Rule 404(b) evidence is substantially outweighed by the unfair prejudice that it would present. Rule 403. Under the same analysis, the Government will not be permitted to question Massino on the "full extent of his cooperation, including the fact that

4

Massino provided information about Basciano's involvement in the threat to a federal law enforcement official." (Gov't Massino Ltr.) Within these limits, the Government will be permitted to call Massino to testify in its rebuttal case should there not be a less time-consuming manner in which to rebut the inference raised by the Defendants.

    C.    **Massino 302s**

The Government seeks a ruling from the court on "the propriety of the defendant's possession of the annotated Massino 302s[,]" which the Government considers to likely to be privileged material. (Gov't Massino Ltr.) The attorney-client privilege establishes that:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or the legal adviser, (8) except the protection be waived…

In re Richard Roe, Inc., 68 F.3d 38, 39-40 (2d Cir. 1995) (quoting United States v. Kovel, 296 F.2d 918, 921 (2d Cir. 1961).) The burden to prove each of the requisite elements is held by the party asserting the privilege. In re Grand Jury Subpoena Dated Dec. 19, 1978, 599 F.2d 504, 510 (2d Cir. 1979); Madanes v. Madanes, 199 F.R.D. 135, 143 (S.D.N.Y. 2001).

Should the Defendants seek to admit the annotated Massino 302s and should any party seek to assert the privilege,[1] I will hold a hearing at that time.

**IV.**     **Defense Witnesses**

The Government has objected to several of the witnesses on the witness list provided by Basciano. (Trial Transcript at 8153-98.) Of the objections made by the Government, I have

---

[1] If no party seeks to assert the privilege on Massino's behalf, Massino will be notified by the court and given an opportunity to assert his privilege.

5

reached rulings on all of the witnesses except Eileen O'Rourke. In addition, the Government requests reconsideration on the court's ruling as to Thomas Lee. I consider these two potential witnesses in turn.

### A. Special Agent Eileen O'Rourke

Basciano requests the Government produce Special Agent O'Rourke as a witness for what she learned about Thomas Lee's conduct and whether she confronted him. The Government has objected to this request on relevance grounds. (Trial Transcript at 8179-93.) The court overrules the Government's objection. The Government may raise its arguments as to the strength of Basciano's arguments on cross-examination and summation.

### B. Thomas Lee

I previously ruled that Basciano could re-call Thomas Lee as a witness over the Government's objection. (Trial Transcript at 8154-62.) The Government has requested a reconsideration of this decision. (Gov't Ltr dated Apr. 17, 2006.)

Basciano had an opportunity to impeach Lee while Lee was on the witness stand with the information that he had at the time in Lee's 3500 material. While Basciano's counsel subsequently received documents that "proved" to him that Lee lied, he had information from the Government suggesting the same conclusion. I therefore grant the Government's motion and rule pursuant to United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (a defendant's right to present a defense "must be balanced against a court's leave to set reasonable limits on the admission of evidence"), that Basciano may not call Lee as a witness for impeachment purposes.

While Basciano has lost his opportunity to cross-examine Lee on this issue, it is not too late to offer other evidence as to motive. (Id. at 68 ("[a]s evidence directly relevant to showing

6

motive, it plainly was admissible" in the defense's case).) Any documents that are admissible, may be offered for the purpose of demonstrating Lee's financial interest in the outcome of the case.

V.      **Government Motion to Quash Subpoena**

The Government moves to quash a subpoena served by Basciano on April 13, 2006 requesting that Special Agent Elizabeth Baren appear at trial, and that the following be provided:

> Any and all investigative and surveillance reports, notes, memoranda and documentation in regard to the investigation and surveillance of Vincent Basciano for the time period of January 2000 through and including April 2001, including but not limited to the stopping, detaining and communications with the satellite dish installation workmen at the premises of Ms. Debra Kalb located at 2868 East 95th Street Bronx, New York 10461 and 32 Old Hempstead Road, New City, New York 10956.

The Government does not oppose Special Agent Baren's appearance at trial, but raises objections to the portion of the subpoena quoted above, requesting the accompanying investigative material.[2] The Government argues that production of this material is both barred by Federal Rule of Criminal Procedure ("Rule") 16(a)(2), and that, to the extent that any of the material is subject to subpoena pursuant to Rule 17(c), the subpoena must be quashed because the Defense has failed to meet the standard set forth in United States v. Nixon, 418 U.S. (1974).

Rule 16(a)(2) governs pre-trial disclosure to a criminal defendant by the Government. With the exception of statements of the defendant, "[Rule 16(a)(2)] does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or

---

[2] The Government considered calling Special Agent Baren itself, and thus her 3500 material has already been produced to the defense.

prosecuting the case." Fed. R. Crim. P. 16(a)(2). Rule 17(c) provides that the court may "direct the witness to produce [ ] designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). Subsection (2) states that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Rule 17(c) is meant to expedite the disclosure of evidence that will be used at trial; it is not meant to serve as a mechanism for pre-trial discovery. See Bowman Dairy Co. v. United States, 341 U.S. 214, 220-221 (1951). "'Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16.'" United States v. Nektalov, No. 03.CR.828, 2004 WL 1574721, at *2 (S.D.N.Y. July 14, 2004) (quoting United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir.1980)).

Rule 17 has been interpreted to require that the moving party demonstrate the relevancy, admissibility, and specificity of the materials sought to support the issuance of a pre-trial subpoena duces tecum. Nixon, 418 U.S. at 699-700. More specifically, the movant must show the following: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." See id. (citing United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)). These requirements are imposed to ensure that Rule 17 is not used improperly to circumvent Fed. R. Crim. P. 16(a)(2). Id.; see also Bowman Dairy Co., 341 U.S. at 220; United States v. Beckford, 964 F.Supp. 1010,

8

1022 (E.D. Va. 1997). Thus, in the instant matter, it is Basciano's burden to show at least that the documents sought are (1) relevant; (2) admissible at trial as evidence; and (3) specifically identified. United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995).

Considered under the legal standards discussed above, the Government's motion to quash this subpoena must be granted. The material sought is squarely barred from production by Rule 16(a)(2). See United States v. Rufolo, No. 89 CR. 938, 1990 WL 29425, at *6 (S.D.N.Y. Mar. 13, 1990); United States v. Feola, 651 F.Supp. 1068, 1142-43 (S.D.N.Y. 1987). The FBI is a federal agency that has played a role in investigating and prosecuting this case. The text of the subpoena itself calls for "any and all investigative and surveillance *reports, notes, memoranda and other documentation*" in connection with this specific surveillance of Basciano. This mirrors the express language of Rule 16(a)(2), which forbids "discovery or inspection of *reports, memoranda, or other internal government documents*" of a government agent made in connection with the case. The documents requested of Special Agent Baren are therefore barred from disclosure by Rule 16(a)(2), and the Government's motion to quash is granted.

I note for the record that, even assuming arguendo, that the material sought would be accessible despite the restrictions of Rule 16(a)(2), Basciano has failed to meet the Nixon standard to support issuance of this subpoena. Basciano has not replied to the Government's motion to quash. Thus, Basciano has made no showing regarding the relevance or admissibility of the documents sought. As the subpoena seeks investigative files, it is reasonable to conclude that at least a portion of the material is inadmissible hearsay. See United States v. Brown, 95 CR. 168, 1995 WL 387698, at *10 (S.D.N.Y. June 30, 1995) (noting that a subpoena seeking to obtain "memoranda of interviews conducted by [law enforcement] . . . would, of course, be

9

hearsay, and inadmissible as evidence at trial"). Moreover, Rule 17(c) requires that the documents sought be specifically identified. See United States v. Chen De Yian, 1995 U.S. Dist. LEXIS 15317, *6-7 (S.D.N.Y. Oct. 19, 1995) (Cote, J.) (quashing subpoena because it "was not crafted to call for admissible evidence . . . [but r]ather called for the production of the entire investigative file and is accurately described as a fishing expedition."). Here, Basciano has specifically identified that he requests documentation concerning "the stopping detaining and communications with the satellite dish installation workmen at the premises of Ms. Debra Kalb." However, notwithstanding the specificity of this request, without a showing of relevancy and admissibility, the subpoena must be quashed. Furthermore, to the extent that Basciano seeks this evidence for impeachment purposes, it is not "admissible" within the meaning of Nixon. United States v. Sawinski, No. 00 CR. 499, 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000) ("If the material sought, however, is only admissible for impeachment purposes, then it will not be sufficient to meet the requirements of Rule 17(c)."); see also Cherry, 876 F.Supp. at 553.

Thus, for all the reasons stated, the Government's motion to quash the subpoena is granted.

**Conclusion**

Basciano's motion to exclude Officer Garley's testimony on Nunez's lineup identification of Basciano is GRANTED. DeFilippo's request to introduce a limited portion of the detention memo is GRANTED. The court RESERVES judgment on DeFilippo's request for reconsideration as to the admissibility of proffered evidence of efforts to interview Massino. The Government will be PERMITTED to call Massino on its rebuttal case, subject to the constraints listed in this decision. Should Defendants seek to admit the annotated Massino 302 and should

any party seek to assert a privilege, the court will hold a hearing at that time. The court OVERRULES the Government's objection as to Special Agent Eileen O'Rourke and GRANTS the Government's motion for reconsideration on the question of Thomas Lee. Basciano may not call Lee as a witness, although he may offer any admissible documents to demonstrate Lee's financial interest in the outcome of this case. The Government's motion to quash Basciano's subpoena is GRANTED.

SO ORDERED.

Dated: April 17, 2006  
Brooklyn, N.Y.

\_\_\_/s/_____  
Nicholas G. Garaufis  
United States District Judge