UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

                    MEMORANDUM & ORDER

      v.                               03-CR-929 (NGG)

VINCENT BASCIANO, and
PATRICK DEFILIPPO,

           Defendants.
--------------------------------------------------------X
GARAUFIS, United States District Judge.

The court issues this Memorandum and Order ("M&O") in order to resolve two evidentiary issues recently raised at trial by the United States ("Government") and defendant Vincent Basciano ("Basciano"). Familiarity with the facts of this case and all prior rulings is assumed.

I. **Admissibility of Grand Jury Testimony under Rule 804**

Basciano previously moved to admit December 29, 2005 grand jury testimony of Joseph Filippone ("Filippone") under Federal Rule of Evidence ("Rule") 804(b)(1). (Basciano Ltr. dated Apr. 13, 2006.) The Government opposed this motion. (Gov't Ltr. dated Apr. 14, 2006.) I ruled that Filippone was available because he had waived his Fifth Amendment rights by testifying before a grand jury. (M&O dated Apr. 16, 2006.) Filippone's counsel spoke with the court yesterday in an in camera hearing to argue that Filippone has a valid reason to claim a Fifth Amendment right to refuse to testify if subpoenaed by Basciano. (See Trial Transcript at 8701.) Filippone is expected to appear for a hearing today so that the court can reach this question. (Id. at 8712-13.)

In order to admit former testimony under Rule 804(b)(1), the proponent of the evidence

must establish that the declarant is unavailable, as defined by Rule 804(a), and that the party against whom the testimony is now being offered "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Rule 804(b)(1). While the court cannot determine the availability of Joseph Filippone without a hearing, it can reach the second prong of the test.

The Second Circuit has ruled that the Government does not have a similar motive to develop and probe testimony that would be exculpatory to the defendant in a grand jury setting. United States v. Salerno, 505 U.S. 317, 325 (1992); United States v Peterson, 100 F.3d 7 (2d Cir. 1996). Thus, as Basciano cannot meet his burden of establishing the second prong of Rule 804(b)(1), the grand jury testimony is inadmissible.

Basciano can now choose whether he wishes to attempt to illicit Filippone's testimony on the witness stand or not.

## II. Admissibility of Massino's Cooperation Agreement

In an Memorandum & Order dated April 16, 2006, I ruled on the admissibility of Joseph Massino's cooperation agreement with the Government. Basciano seeks to admit this evidence to show that Massino is a government cooperator, and thus to argue to the jury that the Government chose not to call him as a witness because his testimony would have been unfavorable to the prosecution. The Government objected, arguing that the introduction of this evidence would be confusing and misleading to the jury. I held that introduction of the cooperation agreement would not pose a threat of confusion to the jury, and therefore ruled that the evidence was admissible.

In court on April 18, 2006, the Government raised a hearsay objection to the introduction

of this evidence.[1]  As I had not considered the application of the hearsay rule to the cooperation agreement in my earlier ruling, I do so now, and find that the cooperation agreement is inadmissible hearsay.

Federal Rule of Evidence 801(d)(1) defines a "statement" within the meaning of the hearsay rule as including "nonverbal conduct of a person, if it is intended by the person as an assertion."  In accordance with Rule 801(d)(1), "conduct that is usually viewed as an assertion includes gestures such as nodding or pointing in response to a question, or signing a document."  5-801 Weinstein's Federal Evidence § 801.10.  That Basciano signed this cooperation agreement can be considered nonverbal conduct intended as an assertion, i.e. his assertion that he intended to cooperate with the Government.  As Basciano seeks to admit the agreement to prove just that fact – that Massino is a cooperating witness – it is offered to prove the truth of the fact asserted.  (See Trial Transcript at 8687-88 (Basciano seeks "to prove to the jury and be able to argue in summation that, in fact, Mr. Massino is cooperating."))  This is clearly impermissible under the hearsay rule.  Fed. R. Evid. 801(c), 802; see also United States v. Cardascia, 951 F.2d 474, 487 (2d Cir. 1991) (holding a resignation letter to be inadmissible hearsay because, "[u]nlike a legally operative statement . . . [it's] significance does not lie solely in the fact that it was made[, but rather] the letter was sought to be introduced to prove the truth of the matter asserted, that is, Martorelli resigned as assistant vice-president of the bank . . . .").

As I find the cooperation agreement to be hearsay, I note as well that  no hearsay exceptions are applicable.  Specifically, the cooperation agreement fails even under the residual exception to the hearsay rule.  To be admitted pursuant to Rule 807, there must be a finding by the court that "the statement is more probative on the point for which it is offered than any other

---

[1]The parties supplemented their arguments with letters filed on April 18, 2006.

evidence which the proponent can procure through reasonable efforts." Fed. R. Evid. 807.  There is no question that Basciano could call Massino himself as a witness to testify for even the limited purpose of establishing the fact that he has cooperated with the Government.  Thus, Basciano cannot satisfy the aforementioned requirement of 807, and this hearsay exception will not support admission of the Massino cooperation agreement.

Massino's cooperation agreement is therefore inadmissible hearsay and will be excluded from trial.

SO ORDERED.

Dated: April 19, 2006  
Brooklyn, N.Y.

_____/s/_____  
Nicholas G. Garaufis  
United States District Judge