```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,
                                                              MEMORANDUM & ORDER

             v.                                               03-CR-929 (NGG)

VINCENT BASCIANO and
PATRICK DEFILIPPO,

                    Defendants.
-----------------------------------------------------------X
```
GARAUFIS, United States District Judge.

In trial on April 19, 2006, the court ruled that Vincent Basciano ("Basciano") could call government F.B.I. agents to testify that they had participated in proffer sessions with Joseph Massino ("Massino"). (Trial Transcript of Apr. 19, 2006.) The court further ruled that these agents could not be asked to testify as to Massino's cooperation agreement, a hearsay document, or to the content of those conversations. (Id.) The United States ("Government") requested a reconsideration on the basis of the law established in three cases. The court stands by its prior ruling. Familiarity with the facts of this case and all prior rulings is presumed.

In the trial at hand, the Government seeks to elicit testimony of F.B.I. agents on cross-examination in order to rebut any inferences raised by Basciano's presentation of evidence that the Government has questioned Joseph Massino. Specifically, the Government seeks to question the agents on the substance of Massino's proffers, as memorialized in F.B.I. documents ("302's").

The case law cited by the Government does not control the issue at hand. In Tennessee v. Street, 471 U.S. 409 (1985), the defendant alleged in trial that his confession was coerced

because law enforcement forced him to read the same confession as that of an alleged co-conspirator.  Id. at 412.  The Court found that the trial judge properly allowed the prosecution to read the alleged co-conspirator's confession to the jury because the confession was offered not for its truth, but rather to show that the defendant's inculpatory statements differed materially from the other confession.  Id. at 413.

In United States v. Gilliam, 994 F.2d 97 (2d Cir. 1993), the Second Circuit held that it was not error for the trial court to admit an anonymous call reporting a "second gun" despite the fact that it was an out of court statement, because the statement was offered not for its truth, but rather to show the police's motive for returning to the scene, where they arrested another suspect.  Id. at 103.  Lastly, in United States v. Hunt, 749 F.2d 1078 (4th Cir. 1984), the Fourth Circuit ruled that it was proper for the trial court to permit the government to introduce an out-of-court statement to demonstrate the government's good faith motive in rebuttal to defendant's defense of entrapment.  Id. at 1084.

Street, Gilliam, and Hunt are distinguishable from the case at bar, because Basciano is not alleging improper conduct nor is the testimony on direct by the agents expected to raise an inference about the Government's investigation.  These three cases, narrowly read, illustrate the general rule that a statement offered not for its truth, but rather to rebut an inference that a law enforcement investigation had an improper motive, is not hearsay.  Nonetheless, even if the cases are read broadly to mean that otherwise hearsay evidence is admissible if offered to prove Government intent or motive, it does not apply to this situation.

In the above referenced cases, there was a direct linkage between the evidence introduced and the non-hearsay purpose for which it was admitted.  Here, however, there is not a direct

2

linkage between the evidence and the purpose for which the Government seeks to admit it. That Massino made allegations to the F.B.I. does not directly show a motive for the Government's trial strategy. The Government wishes to argue that Massino's allegations were inculpatory of Basciano and therefore it is possible for the jury to infer that the Government had a different reason for excluding Massino's testimony. Consequently, this evidence is being offered for its truth, to allow the jury to make an inference about the Government's trial strategy.

In conclusion, the court stands by its prior ruling to DENY the Government's request to elicit testimony from the agents as to the actual statements made by Massino. If the Government seeks to introduce Massino's statements, it must do so in a non-hearsay manner.


SO ORDERED.

\_\_\_/s/_____
Dated: April 19, 2006　　　　　　　　　　　　　　　Nicholas G. Garaufis
Brooklyn, N.Y.　　　　　　　　　　　　　　　　　　United States District Judge