```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,
                                                                    MEMORANDUM & ORDER

        v.                                                          03-CR-929 (NGG)

VINCENT BASCIANO and
PATRICK DeFILIPPO,

                    Defendants.
-----------------------------------------------------------X
```
GARAUFIS, United States District Judge.

This Memorandum & Order (M&O) addresses a number of issues raised by counsel for the United States ("Government") and defendants Vincent Basciano ("Basciano") and Patrick DeFilippo ("DeFilippo") during the trial on April 19, 2006 and by letters filed April 20, 2006. Familiarity with the facts of this case and all prior rulings is presumed.

**Impeachment Witness**

Basciano seeks to call Ms. Cicale as a witness to impeach the testimony of cooperating witness Dominick Cicale (Ms. Cicale's grandson). The purpose of the testimony is to provide evidence in direct contradiction to testimony on direct and cross-examination that Dominick Cicale provided as to financial matters involving his grandmother's home, including whether he paid property taxes and whether he had her consent to take out a mortgage. (Trial Transcript at 8948-50). Within the Second Circuit, "extrinsic evidence offered for impeachment on a collateral issue is properly excluded." United States v. Purdy, 144 F.3d 241, 245-46 (2d Cir. 1998). Nonetheless, at trial, Basciano's counsel cited to an evidence horn book for an exception to the bar on extrinsic evidence when the factual predicate for the extrinsic evidence is a crime of

dishonesty or false statement that could lead to conviction under Rule 609(a)(2). (Trial Transcript at 8983-84.) The court gave both parties until 9:00 a.m. this morning to brief this issue. (Id. at 8982-83.) Only the Government filed a letter. (Gov't Ltr #1 dated April 20, 2006.) The court could find no example of that exception being used in the Second Circuit. I therefore exclude the testimony of Ms. Cicale and Special Agent Edward Tarasca.

**Supplement to M&O dated April 19, 2006**

The court notes that if F.B.I. Special Agents are asked extensively about the *number* of meetings and proffer sessions held with Joseph Massino, I may reconsider my prior ruling excluding non-charged acts from any evidence the Government seeks to offer in its rebuttal case. If the Government needs to explain the number of proffer sessions with Joseph Massino by, for example asking Massino questions about un-charged acts, it may be allowed to do so.

**Government's April 20, 2006 Letter**

The Government submitted a letter at 8:00 a.m. today asking primarily for a reconsideration of the reconsideration I denied last night. (See Gov't Ltr #2 dated Apr. 20, 2006 at 2-5.) I note that no new law was presented and that I have already considered the Government's arguments. To continue to litigate this issue is a waste of the Government's time and resources as well as the court's. Neither side may question F.B.I. agents as to the content of the meetings with Massino.

The Government also requests the opportunity to cross-examine agents as to non-hearsay facts that do not involve the content of the meetings. (Id. at 1.) Although Basciano has not had an opportunity to respond to this particular issue, I note that the two questions the Government seeks to ask (that notes and FBI-302s were generated; and that materials were turned over to the

2

defense) appear not to be barred on hearsay grounds. To the extent that the questions are improper for other reasons, I will entertain non-speaking objections <u>during the cross-examination</u>.

SO ORDERED.

Dated: April 20, 2006
Brooklyn, N.Y.

__/s/_____
Nicholas G. Garaufis
United States District Judge