UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                  MEMORANDUM & ORDER

     v.                                                03-CR-929 (NGG)

VINCENT BASCIANO and
PATRICK DEFILIPPO,

               Defendants.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

       April 24, 2006, the United States ("Government") filed a letter motion to preclude the defendant Patrick DeFilippo ("DeFilippo") from commenting during his closing summation about his ability to call or cross-examine the other defendant, Vincent Basciano ("Basciano"), during the trial. DeFilippo's counsel has argued to the court a number of times the importance he sees to this argument. (See, e.g., Trial Transcript at 5310, 9354.) He also offered his response to the Government's letter in court on April 24, 2006. (See Trial Transcript of Apr. 24, 2006.) Familiarity with the facts of this case and all prior rulings is presumed.

**Analysis**

       The Government points to several Second Circuit cases to support its argument that while Basciano's Fifth Amendment right against self-incrimination must be protected, DeFilippo is not severely prejudiced by being prevented from making this particular argument in summation.

> There is no reason to think that a co-defendant would be any more willing to waive his constitutional privilege against self-incrimination when called as a witness at a separate trial than he would be willing not to insist upon his privilege as a defendant not to take the stand. And had counsel for [defendant] been permitted to comment on [co-defendant's] refusal to take the stand, [co-defendant's0 rights under the fifth amendment would have been violated.

1

United States v. Caci, 401 F.2d 664, 671-72 (2d Cir. 1968) (judgment subsequently vacated for other reasons) (quotations and citations omitted.)  The Government also cites to the Second Circuit standard for severance, under United States v. Wilson, 11 F.3d 346, 354 (2d Cir. 1993) (requiring four prongs, including a showing that the co-defendant would testify at a severed trial, to grant severance).

       The Government's case citations are factually distinct from the case at bar, as DeFilippo is seeking to *explain* the lack of testimony, as opposed to seeking severance to *admit* the testimony.  Nonetheless, the same analysis applies.  If a defendant does not have sufficient rationale for severance, he certainly cannot breach his co-defendant's constitutional rights in a joint trial.  Furthermore, a defendant's constitutional right to present a defense is not unlimited.  United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (a defendant's right to present a defense "must be balanced against a court's leave to set reasonable limits on the admission of evidence").  To allow DeFilippo to make this particular argument in his summation could cause Basciano to suffer a violation of his Fifth Amendment right against self-incrimination.  I find that Basciano's constitutional right prevails over DeFilippo's interest in making this particular argument in his closing.

**Conclusion**

For the aforementioned reasons, the Government's motion is GRANTED, to wit, defendant DeFilippo is precluded from commenting during his closing summation upon his ability or inability to call or cross-examine his co-defendant Basciano, or Basciano's failure to testify in this trial.

SO ORDERED.

Dated: April 25, 2006  
Brooklyn, N.Y.

\_\_\_/s/_____  
Nicholas G. Garaufis  
United States District Judge